FILED

**NOT FOR PUBLICATION**

JUL 23 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

TRUETT JOHN WATTS,

            Petitioner - Appellant,

    v.

RICK COURSEY,

            Respondent - Appellee.

No. 11-35155

D.C. No. 6:10-cv-00375-HO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Argued and Submitted July 8, 2013
Portland, Oregon

Before: PREGERSON, MURGUIA, and CHRISTEN, Circuit Judges.

    An Oregon jury convicted Petitioner Truett John Watts of murder. The

Oregon post-conviction courts rejected Watts's contention that he received

ineffective assistance of counsel (IAC) at trial. Watts filed a federal habeas

petition raising the same IAC claim he presented in state post-conviction

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

proceedings, and the district court denied the petition. We have jurisdiction over Watts's appeal pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

The Oregon courts did not have a full and fair opportunity to act on the IAC claim Watts presents here: that trial counsel should have pursued a defense theory based on Watts's Paxil ingestion and a rumor that the murder victim might have sexually abused Watts.[1] *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Proper exhaustion in state court requires a specific statement of operative facts supporting a claim. *Wood v. Ryan*, 693 F.3d 1104, 1117 (9th Cir. 2012); *Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005). A claim is not exhausted merely because the facts relied on by a petitioner in federal court were in the state-court record. *Gulbrandson v. Ryan*, 711 F.3d 1026, 1042 (9th Cir. 2013). We affirm based on Watts's failure to exhaust his new claim in state court. 28 U.S.C. § 2254(b)(1)(A).

Alternatively, Watts's IAC claim lacks merit. *See* 28 U.S.C. § 2254(b)(2) (a habeas claim may be denied on its merits despite the petitioner's failure to exhaust). Watts denied ever being sexually abused, and even those who harbored these suspicions denied having any proof that the sexual abuse occurred. Watts points to no evidence that trial counsel failed to investigate all reasonably possible

---

[1] Indeed, Watts did not articulate this allegation in the district court.

defense strategies, *cf. Wiggins v. Smith*, 539 U.S. 510, 524–25 (2003), and presents no evidence that trial counsel's decision to pursue an insanity defense, and to forego a defense built on unconfirmed suspicions, was unreasonable under the circumstances, *see Cullen v. Pinholster*, 131 S. Ct. 1388, 1407 (2011) (stating a court must "affirmatively entertain the range of possible reasons [] counsel may have had for proceeding as [he] did." (internal quotation marks omitted)); *Knowles v. Mirzayance*, 556 U.S. 111, 127 (2009) ("The law does not require counsel to raise every available nonfrivolous defense.").  Accordingly, Watts fails to rebut the "strong presumption" that counsel rendered effective assistance.  *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (internal quotation marks omitted).

**AFFIRMED.**